### In re ALLEMANN'S WILL.

#### (Surrogate's Court, New York County. March 9, 1889.)

1. STATE COURTS—SURROGATE OF NEW YORK COUNTY—ASSISTANT.

Under Code Civil Proc. N. Y § 2546, as amended by Laws 1887, c. 701, providing that "the surrogate of New York may, on the written consent of all the parties appearing in a probate case, appoint a referee, or may, in his discretion, direct an assistant to take and report the testimony, but without power to pass on the issues," an assistant may be appointed in a will contest without the consent of the parties, and the assistant may pass on objections to evidence.

2. EVIDENCE—HANDWRITING—WILLS—PROBATE.

A witness testified that he had seen decedent sign a check elsewhere than at a lodge to which he belonged, and had also seen him write in the lodge, and that its records were signed by the members. Held, that witness should be allowed to state whether he had seen on the lodge records decedent's signature, and whether either of the signatures on decedent's alleged will was in his judgment in decedent's handwriting, and that he should not be precluded from testifying otherwise than from knowledge derived from the signature on the check.

*John P. Schuchman,* for proponent.  *Jackson & Burr,* for contestant.

RANSOM, S.  A will purporting to be the will of the decedent was offered for probate. It has been contested, and in pursuance of the authority vested in the surrogate by section 2546 of the Code of Civil Procedure, he designated one of his assistants to take the testimony affecting the issues raised by the objections, and report the same to the court for consideration. The contestant, upon the hearing before the assistant, took exception to the power of the latter to rule upon the admissibility of any evidence to which objection had been interposed, and to the power of the surrogate to so designate an assistant to act without the consent of the parties, and now insists upon the validity of such exception upon the submission to the court of the whole case, and the issues therein, for its consideration and decision. The provision by which the authority exercised by the assistant is claimed to be given is an amendment to section 2546 of the Code of Civil Procedure, made by chapter 701 of the Laws of 1887. This amendment was prepared by my predecessor,

Judge ROLLINS, and was adopted by the legislature at his instance. Its object was to enable the surrogate to select an assistant to take such material, competent, and relevant evidence—and such only—as pertained to the issues before the court, and thus afford the surrogate some aid in disposing of the great and constantly increasing volume of business with which the court was being overburdened, and to permit of its being transacted with reasonable expedition. The plain language and import of the amendment show that the selection of the assistant was left to the absolute discretion of the surrogate. To say, however, that the effect of the enactment is that the person selected is permitted to be chosen to perform the simple clerical service of noting down, without authority to rule thereon, all the evidence which the parties may see fit to produce, with the objections raised thereto, would increase, instead of relieving, the labor of the court, and defeat the very object sought to be accomplished by the amendment. The power now questioned has, with the approval of, and in pursuance of, the construction given to the provision by Judge ROLLINS, been invariably exercised by the assistant who was appointed by him to take testimony in probate cases. His construction and practice accord with my own, and are warranted by the amendment in question. The objection of the contestant to the competency of the court to designate the assistant without the consent of the parties, and of the power of the latter to pass upon objections to the admissibility of evidence taken before him, is overruled.

A witness was called by the contestant and examined as to his knowledge of the handwriting of the alleged testator for the purpose of qualifying him to testify as to the genuineness of the signature purporting to be that of the alleged testator to the alleged will. The witness testified that he had seen the testator sign, elsewhere than at the lodge to which he belonged, a certain check, and that he had also seen him write in the lodge, and that its records were signed by the members. He was asked by contestant's counsel if he had ever seen on the records of the lodge the signature of the testator. To this question the proponent's counsel objected. The objection was sustained and contestant's counsel excepted. Witness was then asked whether either of the signatures upon the will purporting to be those of the alleged testator was, in his judgment, in the handwriting of such testator, and on objection of proponent's counsel he was precluded from testifying otherwise than from knowledge derived from signature on the check mentioned as to the genuineness of the signature upon the will. The learned law assistant was in error in thus restricting the witness to testifying from his knowledge so derived, and not permitting him to testify as well from knowledge acquired from seeing him write in the lodge, and from his signature in the records thereof. This error will necessitate a rehearing of the case. To this end I have deemed it advisable to send the case to the court of common pleas for trial and decision. I shall enter an order accordingly.